Pratt, J.
This is an appeal from the report of commissioners of appraisal in above entitled matter, and from the order confirming the same.
In the year 1880, the city of Mew York, having acquired land for that purpose, began the construction of a dam across the Bronx river near Kensico, which was completed in the summer of 1884. Several hundred acres of land immediately north of the dam were acquired for the purpose of a storage reservoir, and a pipe line, some miles in length, was constructed for the purpose of conveying the water arrested by the dam, and stored in the reservoir, down in a southerly direction to the distributing reservoir, situated near Williamsbridge.
The effect of the construction of this dam was to cut off from the Bronx river so much of its flow as was derived from all the water-shed lying above Kensico, and the pres-, ent flow of the stream is, therefore, derived solely from such sources of supply as exist below the dam (which are several in number and of considerable importance), added to such quantities of water as may from time to time flow over the dam.
The total water-shed of the stream above the property of the appellent is 34.37 square miles, of which about 13.33 square miles lie north of the dam, and have been cut off.
The testimony taken is very voluminous and contradictory so far as the estimate of damages is concerned, and the parties’ claims before the commissioners were radically different and irreconcilable.
The appellants claim an award of over $45,000 fpr damages to, or loss of water power, and for damage for homestead property and expenses, some $8,000 more, making in all a claim of over $53,000, while the city of Mew York *524 claimed that damage to the water power did not exceed $7,000.
Both parties concede the well settled rule that unless it appears that the commissioners, in making the award, adopted some erroneous principle, or that the award is grosely inadequate and unequal, their determination is final. This rule is so familiar as to require no further comment.
The appellant is met at the threshhold with the difficulty that the award does not appear to have been made upon an erroneous principle, nor does it appear grossly inadequate and unequal.
It nowhere appears in the record that the commissioners adopted the principle, in computing the loss of water power contended for by the respondent,' and on the other hand it does not appear that the award is more than double the highest amount named by any of the respondent’s witnesses.
The commissioners heard testimony of facts and the opinions of experts, they viewed the premises, and, so far as appears, they took all proper means to acquire information and enlighten their minds, and upon the whole case they exercised their best judgment in making their award.
It is not sufficient that the commissioners may have acted upon an erroneous principle, it must appear affirmatively that they did so act.
Such an award, like a judgment, will be sustained by presuming that facts sufficient to sustain were found by the commissioners in case there is evidence before them to warrant such finding, rather than to attribute the result to acting under an erroneous principle of law. This has an illustration in the present case in the decision of the commissioners upon the question of the amount of available flow of water before and after the diversion.
They saw the, stream and possessed the knowledge as to the amount of water-shed that was represented in its present flow, and it was a question of fact for them to determine the amount of water power, under all the facts, such a flow would practically produce. The appellant’s witnesses claimed that the flow would produce 43.37 horsepower; the city’s witnesses, on the contrary, testified that the available flow before the diversion was only 33.24 horsepower.
It was a question of fact, and involves, so far as appears, no legal principle.
If these views are correct it is not necessary to discuss upon principle the question whether, assuming the decision as to amount of available water power, involved a question of law, the finding was correct.
We fail to find any such error, either of law or fact, as ' would justify setting aside the award.
*525 In making the award and report thereon, the commissioners seemed seduously to have followed the directions of the statute, and this answers the alleged errors contained in the notice of appeal.
We find no authority in the statute for awarding costs to the appellants.
Order confirming award as to parcels 103 and 113 affirmed, but without costs of this appeal.
Dykman, J., concurs; Barnard, P. J., not sitting.